**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4342**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

CURTIS WATKINS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver,
Jr., District Judge.  (2:13-cr-00120-1)

_____

Submitted: October 28, 2014        Decided:  November 6, 2014

_____

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D.
Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant. R.
Booth Goodwin, II, United States Attorney, C. Haley Bunn,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Watkins entered a conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and was sentenced to eighty-four months' imprisonment and three years' supervised released. Watkins' plea preserved his right to appeal the district court's order denying his motion to suppress. On appeal, Watkins argues that the district court erred in concluding that the officers' stop-and-frisk satisfied the reasonable suspicion standard set forth in Terry v. Ohio, 392 U.S. 1 (1968).

When considering a district court's ruling on a motion to suppress, this court reviews the district court's legal conclusions de novo and its factual findings for clear error. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013). Where, as here, the district court denies a suppression motion, we construe the evidence in the light most favorable to the government. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000). "Moreover, if the officer has a reasonable fear for his own and

2

others' safety based on an articulable suspicion that the suspect may be armed and presently dangerous, the officer may conduct a protective search of, i.e., frisk, the outer layers of the suspect's clothing for weapons." United States v. Holmes, 376 F.3d 270, 275 (4th Cir. 2004) (internal quotation marks omitted).

The officer must have "at least a minimal level of objective justification for making the stop" and "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." Wardlow, 528 U.S. at 123-24 (internal quotation marks and citations omitted). Courts assess the legality of a Terry stop under the totality of the circumstances, giving "due weight to common sense judgments reached by officers in light of their experience and training." United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004). Applying these principles, we conclude that, under the totality of the circumstances, the officers had reasonable suspicion to stop Watkins and frisk him for weapons.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED